IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SERGIO SALDIVAR GUTIERREZ,

    Defendant.

No. 1:11-cr-30009-AA-3
No. 1:16-cv-01127-AA

**OPINION & ORDER**

AIKEN, District Judge.

The matter comes before the Court on Defendant Sergio Saldivar Gutierrez's Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255. ECF No. 142. The Court finds that this matter appropriate for resolution without a hearing and the motion is DENIED.

## BACKGROUND

In October 2011, Gutierrez entered a guilty plea to a charge of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). ECF No. 69. As part of the plea deal, Gutierrez agreed that he had at least three predicate convictions for violent felonies under the Armed Career Criminal Act ("ACCA"). In November 2011, Senior District Judge Owen M. Panner sentenced Gutierrez to the ACCA mandatory minimum sentence of 180 months.[1] ECF Nos. 92, 93.

At the time of his plea and sentencing, Gutierrez had the following relevant predicate convictions for purposes of the ACCA:

---

[1] This case was transferred to this Court several years after Gutierrez was sentenced.

1. A California conviction for Assault with a Deadly Weapon in violation of Cal. Penal Code § 245(a)(2) in the Los Angeles County Superior Court. Judgment was entered August 30, 1990. Def. Mot. Ex. A, at 11; Plea Pet. 2, ECF No. 73.

2. A California conviction for Attempted Murder in violation of Cal. Penal Code § 664/187(a) and Assault with a Deadly Weapon in violation of Cal. Penal Code § 245(a)(2) in the Los Angeles County Superior Court. Judgment was entered April 15, 1992. Def. Mot. Ex. A, at 12; Plea Pet. 2.

3. A California conviction for Assault with a Deadly Weapon in violation of Cal. Penal Code § 245(a)(1) in the Los Angeles County Superior Court. Judgment was entered May 30, 2000. Def. Mot. Ex. A, at 13; Plea Pet. 2.

4. A California conviction for Assault with a Deadly Weapon in violation of Cal. Penal Code § 245(a)(2) in the Los Angeles County Juvenile Court. Judgment was entered February 27, 1987. Def. Mot. Ex. A, at 10; Plea Pet. 2.

Gutierrez did not file a direct appeal of his sentence. In 2015, the United State Supreme Court issued its decision in *Johnson v. United States*, ___U.S.___, 135 S.Ct. 2551 (2015) (*Johnson II*), which held that the residual clause of the Armed Career Criminal Act was void for vagueness. In 2016, the Supreme Court held that the *Johnson II* decision was retroactively applicable to cases on collateral review. *Welch v. United States*, ___U.S.___, 136 S.Ct. 1257, 1268 (2016). This motion followed.

## LEGAL STANDARDS

Under 28 U.S.C. § 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255(a).

To warrant relief, a petitioner must demonstrate that the error of constitutional magnitude had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052,

1058 (9th Cir. 2003) ("We hold now that *Brecht*'s harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.").

A petitioner seeking relief under § 2255 must file his motion within the one-year statute of limitations set forth in § 2255(f). The limitations period runs one year from the latest of four dates: (1) when the judgment of conviction became final; (2) when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) when the right asserted is initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and (4) when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (alteration and emphasis in original) (quoting 28 U.S.C. § 2255). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (alteration in original, internal quotation marks and citation omitted). A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Id.* at 1062-63 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir.

1984)); *see United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). Conclusory statements in a § 2255 motion are insufficient to require a hearing. *Hearst*, 638 F.2d at 1194.

If a court denies a habeas petition, the court may issue a certificate of appealability if "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see* 28 U.S.C. § 2253(c)(1). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (internal quotation marks and citation omitted).

## DISCUSSION

Federal law generally prohibits felons from possessing firearm. 18 U.S.C. § 922(g). Under ordinary circumstances, ten years is the maximum term of imprisonment for a violation of § 922(g). However, if a felon with three previous convictions for a "violent felony or a serious drug offense" violates § 922(g), the ACCA mandates a sentence of at least 15 years. 18 U.S.C. § 924(e)(1). Gutierrez contends that his convictions for Assault with a Deadly Weapon under Cal. Penal Code § 245(a)(1) and (2) are no longer "violent felonies" within the meaning of the ACCA because (1) conviction under § 245(a) requires only reckless or negligent conduct and (2) because assault requires only the "least touching" under California law and does not, therefore, rise to the level of violent force.

### I. The Categorical Analysis and the Elements Clause

The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of

physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]" 18 U.S.C. § 924(e)(2)(B) (emphasis added). The final clause, highlighted above, is known as the "residual clause."

In June 2015, the Supreme Court struck down the residual clause as unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. *Johnson II*, 135 S.Ct. at 2555-57. As a consequence, the scope of offenses constituting violent felonies narrowed considerably. In the wake of the *Johnson II* decision, a prior conviction only qualifies as a violent felony if it either (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," (the "elements clause,"); or (2) "is burglary, arson, or extortion, [or] involves the use of explosives," (the "enumerated offenses.").

Courts use the "categorical approach" to determine whether a prior conviction is a predicate offense under the ACCA. *United States v. Parnell*, 818 F.3d 974, 978 (9th Cir. 2016). Using the categorical approach, courts "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.*, the offense as commonly understood." *Descamps v. United States*, 570 U.S. 254, 133 S.Ct. 2276, 2281 (2013). "The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." *Id.* Under the categorical approach, courts do not look beyond the elements of the statute of conviction and must presume that the conviction rests upon the least of the acts criminalized. *Ramirez v. Lynch*, 810 F.3d 1127, 1131 (9th Cir. 2016). If, after conducting this analysis, the court concludes that the state statute of conviction criminalizes more conduct than the generic offense, then it is overbroad and the conviction will not qualify as a predicate offense. *Id.*

The Supreme Court has, however, recognized that some statutes set out one or more elements of the offense in the alternative, essentially forming "several different crimes." *Descamps*, 133 S.Ct. at 2281, 2284. "If at least one, but not all of those crimes matches the generic version, a court needs a way to find out which the defendant was convicted of." *Id.* at 2285. In cases involving such "divisible" statutes, courts are permitted to apply the "modified categorical approach." *Id.* at 2281. Under the modified categorical approach, courts may look beyond the elements of the statute to documents like charging instruments, jury instructions, plea agreements, transcripts of plea hearings, and judgments to determine whether the defendant was convicted of a set of elements that fall within the generic definition. *Mathis v. United States*, ___U.S.___, 136 S.Ct. 2243, 2249 (2016); *Ramirez*, 810 F.3d at 1131.

In this case, neither party asserts that Assault with a Deadly Weapon falls within the ACCA's list of enumerated offenses, and so the analysis will focus on the elements clause. To qualify as a predicate offense under the elements clause, the state statute must have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The simple fact that the statute includes an element involving the use of physical force against another person is not sufficient to place a conviction within the bounds of the elements clause. The Supreme Court has held that "physical force" in the ACCA means "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (*Johnson I*).

To determine whether a conviction involves violent force, courts must look to both the text of the statute and to the state courts' interpretations of its terms. *United States v. Strickland*, 860 F.3d 1224, 1226 (9th Cir. 2017). "State cases that examine the outer contours of the conduct criminalized by the state statute are particularly important because 'we must presume that the

conviction rested upon [nothing] more than the least of th[e] acts criminalized.'" *Id.* at 1226-27 (quoting *Moncrieffe v. Holder*, 569 U.S. 184 (2013)).

## II. Assault with a Deadly Weapon

In this case, Gutierrez has several predicate convictions for Assault with a Deadly Weapon in violation of California Penal Code § 245(a), which provides:

> (a)(1) Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($10,000), or by both the fine and imprisonment
>
> (2) Any person who commits an assault upon the person of another with a firearm shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not less than six months and not exceeding one year, or by both a fine not exceeding ten thousand dollars ($10,000) and imprisonment.

Cal. Pen. Code § 245(a)(1), (2) (2000).[2]

In California, assault "requires an intentional act and actual knowledge of those facts sufficient to establish that the act by its nature will probably and directly result in the application of physical force against another." *People v. Williams*, 26 Cal. 4th 779, 29 P.3d 197, 204 (2001). Assault is a general intent crime and "does not require a specific intent to injure the victim," or "the subjective awareness of the risk that an injury might occur." *Id.* at 203-04. However, "mere recklessness or criminal negligence is still not enough [to sustain a conviction] because a jury cannot find a defendant guilty of assault based on facts he should have known but did not know." *Id.* at 203 (internal citations omitted). "California Penal Code section 245(a)(1) and 245(a)(2) proscribe the same conduct, the only difference being the type of weapon involved." *United States v. Heron-Salinas*, 566 F.3d 898, 899 (9th Cir. 2009).

---

[2] The 1990 and 1987 versions of Cal. Penal Code § 245(a)(1) and (2) are substantially similar to the 2000 version.

Page 7 – OPINION & ORDER

Gutierrez argues, in essence, that recent California state court decisions permit conviction under § 245(a) for a negligent use of force. A negligent application of force is insufficient to constitute a "use of force" and therefore cannot serve as the basis for a crime of violence. *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004). But knowledge, or general intent, remains a sufficient *mens rea* to serve as the basis for a crime of violence. *See United States v. Melchor-Meceno*, 620 F.3d 1180, 1186 (9th Cir. 2010) ("[T]o knowingly place another person in fear of imminent serious bodily harm . . . includes the requisite *mens rea* of intent for a crime of violence.").

In 2008, the Ninth Circuit issued a brief opinion in which it held that a conviction under § 245(a)(2), for assault with a firearm, was categorically a crime of violence under 18 U.S.C. § 16(a) and (b).[3] *Heron-Salinas*, 566 F.3d at 899. Although Gutierrez argues that *Heron-Salinas* considered only the § 16(b) residual clause, Def. Mem. 14-16, the Court notes that the holding of *Heron-Salinas* encompassed both the elements clause of § 16(a) and the residual clause of § 16(b). *Heron-Salinas*, 566 F.3d at 899; *see also Ramirez v. Lynch*, 628 F. App'x 506, 506-07 (9th Cir. 2016) ("We have expressly held that assault with a deadly weapon in violation of California Penal Code § 245(a)(1) is categorically a crime of violence as defined in 18 U.S.C. § 16(a)."); *United States v. Gonzalez*, 692 F. App'x 483, 483 (9th Cir. 2017) (reaffirming that conviction of Cal. Penal Code § 245(a)(1) was categorically a crime of violence under 18 U.S.C. § 16(a)).

Following *Heron-Salinas*, the Ninth Circuit determined that a conviction for violation of § 245(a)(1) categorically qualifies as a "crime of violence" under elements clause of the 2006 version of U.S.S.G. § 2L1.2(b)(1)(A)(ii). *United States v. Grajeda*, 581 F.3d 1186, 1189-90 (9th Cir. 2009). Like the ACCA, the "elements clause" of § 2L1.2 (2006) required that the offense

---

[3] 18 U.S.C. § 16(a) provides that a "crime of violence" is "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]"

Page 8 – OPINION & ORDER

"has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* at 1190 (internal quotation marks omitted).

In *Grajeda*, the Ninth Circuit rejected the defendant's argument that § 245(a)(1) is overbroad because assault may be accomplished under California law by "the least touching," noting that "even the 'least touching' with a deadly weapon or instrument . . . is violent in nature and demonstrates at a minimum the threatened use of actual force." *Id.* at 1192. The court also rejected the defendant's argument that § 245(a)(1) does not require proof of sufficiently intentional conduct to qualify as a crime of violence. *Id.* at 1192-96. In particular, the court noted that § 245(a)(1) requires an intentional violent act with a deadly weapon or instrument or with force likely to cause serious bodily injury that by its nature will directly and immediately cause the application of physical force to another, although the outcome—the specific injury—need not have been intended. *Id.* at 1195.

In 2015, the Ninth Circuit revisited *Grajeda* in light of two intervening California state court decisions. *United States v. Jimenez-Arzate*, 781 F.3d 1062 (9th Cir. 2015). The first, *People v. Aznavoleh*, 210 Cal. App. 4th 1181, 148 Cal. Rptr.3d 901 (2012), involved a defendant who intentionally ran a red light while street racing, even though he had seen another car entering the intersection. *Jimenez-Arzate*, 781 F.3d at 1064. The state court found that the defendant's conduct had been sufficiently intentional to satisfy the *mens rea* requirement of § 245(a)(1). *Jimenez-Arzate*, 781 F.3d at 1064.

The second state court case, *People v. Wyatt*, 48 Cal. 4th 776, 229 P.3d 156, 157 (2010), involved a father who, while play wrestling with his infant son, struck the boy with such force that the child died. *Jimenez-Arzate*, 781 F.3d at 1064. The California Supreme Court upheld the father's conviction for involuntary manslaughter and assault because substantial evidence

established that the father knew he was striking his son with his fist, forearm, knee, and elbow, and "that he used an amount of force a reasonable person would realize was likely to result in great bodily injury." *Wyatt*, 229 P.3d at 157; *Jimenez-Arzate*, 781 F.3d at 1064.

In *Jimenez-Arzate*, the Ninth Circuit rejected the defendant's argument that *Wyatt* and *Aznavoleh* stood for the proposition that a defendant may be convicted under § 245(a) based on mere recklessness, reaffirming the holding of *Grajeda*. *Jimenez-Arzate*, 781 F.3d at 1064-65.

The Ninth Circuit recently addressed a similar argument in *United States v. Werle*, ___F.3d___, No. 16-30181, 2017 WL 6346659 (9th Cir. Dec. 13, 2017). In *Werle*, the defendant had been convicted of harassment under Wash. Rev. Code § 9A.46.020(2)(b)(ii). *Id.* at *2. Under the relevant formulation, the statute of conviction required proof of two elements: (1) a knowing threat to kill someone immediately or in the future; and (2) that the words or conduct of the defendant placed that person in reasonable fear that the threat to kill would be carried out. *Id.*

Like Gutierrez, Werle argued that § 9A.46.020(2)(b)(ii) was overbroad because it allowed conviction based on mere negligence. *Id.* at *2. The Ninth Circuit rejected that argument:

> Turning to § 9A.46.020(2)(b)(ii), the first element of conviction under that section requires the defendant to have "knowingly threated to kill" someone. The Washington Supreme Court has interpreted this element to require the defendant subjectively to know that he or she is communicating a threat of intent to cause bodily injury to the person threatened or to another person. A knowing threat of intent to cause bodily injury plainly requires a sufficient *mens rea* to constitute the threated use of physical force.
>
> Recognizing the difficulty in attacking the first element of the crime, Werle argues that a different element of the crime requires only negligence: placing the victim "in reasonable fear that the threat to kill would be carried out." Werle is correct that the Washington Supreme Court has interpreted this element to require only negligence. Nevertheless, Werle's argument is unavailing because § 4B1.2(a)(1) only requires that the state crime has as "*an element* . . . the threatened use of physical force." It is clear that the first element of a conviction under § 9A.46.020(2)(b)(ii)—a knowing threat of intent to kill someone—

requires a sufficient *mens rea*, and so that element by itself may render the conviction a crime of violence. That other elements of the statute may be satisfied with a lower *mens rea* adds nothing to our inquiry under § 4B1.2(a)(1), because requiring the state to prove additional elements only narrows the reach of the crime.

*Id.* at *3 (internal quotation marks, alterations, and citations omitted, emphasis in original).

The same reasoning applies with equal force to a conviction under § 245(a) for purposes of the ACCA elements clause. In *Grajeda*, the Ninth Circuit held that conviction under § 245(a)(1) requires an intentional use of violent force. *Grajeda*, 581 F.3d at 1195. The statute therefore has as "*an element*" the knowing or intentional use, attempted use, or threatened use, of violent physical force. As in *Werle*, the fact that additional elements of the offense may require a lesser *mens rea* is irrelevant.

Gutierrez also argues that because § 245(a) may be satisfied by the "least touching," it does not require violent force within the meaning of the ACCA. As a previously noted, however, the Ninth Circuit rejected this very argument in *Grajeda*, noting that even the least touching with a deadly weapon or instrument is violent in nature. *Grajeda*, 581 F.3d at 1192.

Finally, Court notes that a series of recent unpublished Ninth Circuit cases have cited the holding of *Grajeda* with approval. *See United States v. Oregon-Mendoza*, 697 F. App'x 893 (9th Cir. 2017) (reaffirming that violation of § 245(a)(1) is categorically a crime of violence and finding that *Grajeda* is not "clearly irreconcilable" with *Descamps.*); *United States v. Orozco-Madrigal*, 698 F. App'x 483 (9th Cir. 2017) (holding same); *United States v. Solomon*, 700 F. App'x 682 (9th Cir. 2017) (holding same); *see also Gonzalez*, 692 F. App'x at 483 (reaffirming the holding of *Jimenez-Arzate* that conviction of Cal. Penal Code § 245(a)(1) was categorically a crime of violence under 18 U.S.C. § 16(a)).

The Court therefore concludes that, following *Heron-Salinas*, *Grajeda*, *Jimenez-Arzate*, and *Werle*, Guiterrez's convictions for Assault with a Deadly Weapon under Cal. Penal Code § 245(a) are categorically violent felonies under the ACCA elements clause. As Gutierrez has more than three predicate convictions for violent felonies, the sentencing court correctly imposed the ACCA mandatory minimum sentence in this case.

## CONCLUSION

For the reasons set forth above, Defendant's Motion is DENIED. The Court finds, however, that reasonable jurists could debate whether "the petition should have been resolved in a different manner." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore grants a certificate of appealability on the issue of whether a conviction for violation of California Penal Code § 245(a)(1) or (2) qualifies as a violent felony for purposes of the ACCA.

It is so ORDERED and DATED this 2nd day of January, 2018.

_____
ANN AIKEN
United States District Judge