IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:11-cr-30009-AA-3 |
| v. | **ORDER AND OPINION** |
| SERGIO SALDIVAR GUTIERREZ, | |
| Defendant, | |

AIKEN, District Judge:

Now before the Court is defendant Sergio Gutierrez's Motion for Judicial Recommendation for Transfer to Home Confinement. Doc. 178. For the reasons set forth below, the Motion is GRANTED.

Defendant was previously sentenced to a mandatory minimum 180 months pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). Defendant was initially confined at the FCI Lompoc, but through hard work and good behavior was later transferred to the low-security prison work camp at FCI Atwater. Defendant

Page 1 – ORDER AND OPINION

has served approximately 139 months of his total sentence and is scheduled for transfer to community corrections on October 23, 2023.

On July 29, 2020, the Court denied defendant's motion for compassionate release. Doc. 177. Defendant then filed the present motion requesting that this Court recommend to the Bureau of Prisons ("BOP") and the Warden at FCI Atwater that he be transferred to home confinement. The Government does not oppose the motion.

A federal defendant who has been convicted and sentenced to a term of imprisonment is committed to the custody of the BOP. 18 U.S.C. § 3621(a). The BOP "shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b); *see United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (recognizing that the BOP "has the statutory authority to choose the locations where prisoners serve their sentence").

Pursuant to 18 U.S.C. §§ 3621(b) and 3624(c), the BOP has discretion to place an inmate in a residential reentry center ("RRC") and/or home confinement. *See Sacora v. Thomas*, 628 F.3d 1059, 1061–62 (9th Cir. 2010) (recognizing that these two "statutory provisions govern the BOP's authority to place inmates in its custody in RRCs"). Section 3621(b) authorizes the BOP to "designate the place of the prisoner's imprisonment" upon consideration of, in pertinent part, "any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted; or recommending a type of penal or correctional facility as appropriate." 18 U.S.C. §§ 3621(b)(4)(A)–(B).

BOP has authority to transfer defendant to home confinement immediately under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116- 136, § 12003, 134 Stat. 281 (2020). In passing the CARES Act, Congress expanded the authority of the Bureau of Prisons to utilize the home confinement authorized by 18 U.S.C. 3624(c) to address the exigencies and dangers of crowded prisons during a pandemic.

The Court emphasizes that Mr. Gutierrez does have concerning underlying health issues which could very well be life threatening in the face of the current global pandemic of the 2019 novel coronavirus. Also important to the Court are Mr. Gutierrez's sterling record while incarcerated and the determined efforts he has made to overcome addiction, accept responsibility for his wrongdoing, and prepare to return successfully to the community. The Court previously noted that:

> [Mr. Gutierrez's] exemplary conduct while in prison combined with his extensive engagement in self-betterment programs all suggest that he has embraced the need for treatment and earnestly tried to turn his life around. He has earned the Court's respect for his hard work, his self-discipline, and his exemplary record during incarceration. Though the rare and extraordinary nature of compassionate release constrains the Court's ruling on the present motion, the Court sincerely looks forward to the day that Gutierrez returns to the community and can contribute with the skills that he has obtained.

Doc. 177 at *10. During consideration of his motion for compassionate release, the U.S. Probation Office investigated and approved defendant to live with his mother at her residence should he be released.

The Court previously found that while this matter presented a close question, defendant did not qualify for the rare and extraordinary nature of compassionate

Page 3 – ORDER AND OPINION

release as provided under 18 U.S.C. § 3621(b)(4). However, Congress has given BOP much broader authority under the CARES Act to allow defendants to be transferred to home confinement while still in custody. Moreover, the U.S. Attorney General issued a memorandum on March 26, 2020, offering guidance to ensure home confinement is utilized by the BOP. Indeed, the BOP reports that, to date, it has released some 7,754 inmates during the current pandemic. https://www.bop.gov/coronavirus/. This Court hopes that BOP will allow Mr. Gutierrez to join that number as soon as possible.

Accordingly, the Motion for Judicial Recommendation for Transfer to Confinement (doc. 178) is GRANTED. The Court formally recommends to the BOP and the Warden at FCI Atwater that defendant be transferred to home confinement.

IT IS SO ORDERED.

Dated this 17th day of November 2020.

                                    /s/Ann Aiken
                                     Ann Aiken
                          United States District Judge