IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:11-cr-30009-AA-3 |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| SERGIO SALDIVAR GUTIERREZ, | |
| Defendant. | |

AIKEN, District Judge:

On July 29, 2020, the Court denied defendant Sergio Saldivar Gutierrez's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 165) without prejudice and encouraged Gutierrez to notify the Court if conditions changed. On November 14, 2020, Gutierrez contacted the Court through counsel to provide updated information about his circumstances. On November 24, 2020, the Court held a hearing to consider whether that information demonstrated changed circumstances

that warrant compassionate release and reaffirmed its earlier denial for the following reasons.  Doc. 181.

Section 3582(c)(1)(A) authorizes a court to reduce a defendant's sentence if the court finds: (1) that the motion is properly before the Court;[1] (2) that "extraordinary and compelling reasons warrant such a reduction," "after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable[;]" and (3) that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. §§ 3582(c)(1)(A), 3582(c)(1)(A)(i).

Compassionate release is "rare" and "extraordinary," and courts routinely deny such claims.  *United States v. Mangarella*, No. 3:06-cr-151-FDW-DCK-3, 2020 WL 1291835, at *2–3 (W.D.N.C. Mar. 16, 2020) ("[A] compassionate release ... is an extraordinary and rare event.") (citation omitted).  A defendant bears the burden to show special circumstances meeting the high bar set by Congress and the Sentencing Commission for compassionate release.  *See United States v. Greenhut*, No. 2:18-cr-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (holding that a defendant bears the burden of establishing entitlement to sentencing reduction and citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

In 2011, Gutierrez pleaded guilty to one count of felon in possession of a firearm, 18 U.S.C. § 922(g)(1).  This charge, and others that were dismissed as part

---

[1] As stated in the earlier Opinion, the government does not dispute that the motion is properly before the Court.

of the plea agreement,[2] arose from Gutierrez's and his co-defendants' use of straw purchasers to buy handguns in Oregon, which he transported to Southern California for resale. Some of those handguns were recovered from crime scenes in Southern California. As part of his plea agreement, Gutierrez agreed that his relevant conduct involved at least 30 firearms. The Court sentenced him to a mandatory minimum 180-month term of imprisonment under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). Gutierrez is incarcerated at FCI Atwater and is scheduled for transfer to community corrections on October 23, 2023.

Gutierrez asks the Court to reduce his sentence to time served because his age, body mass index, and underlying conditions including hypoglycemia, allergic rhinitis, and a history of asthma put him at increased risk of severe illness or death if he contracts COVID-19. During the COVID-19 pandemic, many courts have recognized that, when a defendant has a chronic medical condition that may substantially increase the defendant's risk of becoming seriously ill or dying from COVID-19, that condition may satisfy the standard of extraordinary and compelling reasons. *See United States v. Hanson*, No. 6:13-cr-00378-AA-1, 2020 WL 3605845, at *4 (D. Or. July 2, 2020) (collecting cases). On the record before the court in July, the Court could not find that Gutierrez's risk met that standard. At the time, the Bureau of Prisons was reporting one inmate and six staff with active, confirmed COVID-19 infections.

---

[2] The dismissed charges included one count of conspiracy to falsify firearms applications, four counts of false statement on firearms applications, and one other count of felon in possession of a firearm.

And Gutierrez's hypoglycemia, allergic rhinitis, and history of asthma, though concerning, appeared well controlled.

The updated information provided in Gutierrez's email and at the hearing indicates that, since late July, he has experienced significant delays in receiving the medication he needs to control his hypoglycemia and allergy symptoms and that most of his requests for medical care have gone unanswered.

Gutierrez uses glucose tablets to control his hypoglycemia. Following a refill on September 22, his prescription expired. Gutierrez requested an appointment to renew his prescription on October 13 and did not see a doctor for that appointment until November 4. As discussed in the Court's earlier Opinion, Gutierrez's hypoglycemia could be a symptom of pancreatic insulinoma, a rare tumor of the pancreas, or diabetes. On July 31, Gutierrez requested a Selective Arterial Calcium Test, which is needed to rule out insulinoma, and was told that his request had been forwarded to appropriate staff. He has not received a follow up.

Gutierrez also reports that he has started to experience respiratory symptoms, including wheezing and shortness of breath. In August, he submitted several requests to see a doctor about those symptoms and renew his prescription for a nasal spray, which had helped control his allergies. As his symptoms worsened, Gutierrez also requested a Pulmonary Function Test to evaluate his asthma, which has not been well-documented in his medical records. Gutierrez received confirmation that the requests had been forwarded to appropriate staff but has not received any other follow up.

Finally, Gutierrez submitted requests for other medical care, like an eye appointment and flu shot. Most notably, in September, Gutierrez submitted a sick call request reporting a sharp, needle-like pain in his right kidney. Three days later, he passed a kidney stone. All these requests have gone unanswered.

According to BOP, 26 inmates have tested positive for COVID-19, 18 have recovered, and 370 have been tested over the course of the pandemic. *COVID-19 Coronavirus*, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus (last visited Nov. 25, 2020). Currently, BOP reports that there are no active, confirmed cases among inmates and one active case among staff at the Atwater complex, though 26 inmates have tests pending. *Id*. BOP's information is only of limited value, however, since it is not conducting universal testing in the institution. In fact, the total number of inmates tested at Atwater represents just over a third of the inmate population.

Gutierrez emphasizes the trends in reported COVID-19 cases instead. He notes that the Atwater complex has suffered two distinct COVID-19 outbreaks since this Court's first hearing on July 8. In the first outbreak, six inmates tested positive for COVID-19 between July 18, 2020 and August 3, 2020. In the second outbreak, sixteen inmates tested positive between September 12, 2020 and October 26, 2020. As Gutierrez observed, the Atwater outbreaks correspond in time to the second and beginning of the third "waves" of COVID-19 in the United States. Because the third wave is still growing, he is concerned that Atwater will experience a third outbreak soon.

The Court is very troubled by the lack of medical treatment or responsiveness of Gutierrez's medical concerns over the last three months. The Court cannot, however, find that these changed circumstances present extraordinary and compelling reasons for sentence reduction, especially when considering the nature, circumstances, and seriousness of Gutierrez's underlying offense.

The Government has sent several requests to BOP for updates on Gutierrez's medical care. At the hearing, the Government had not heard back and agreed to update the Court and defense counsel as soon as BOP responded. Like the Court's earlier denial, this denial is without prejudice. Gutierrez shall have leave to renew his request if conditions change and the Court will expedite consideration of that request.

IT IS SO ORDERED.

Dated this <u>25th</u> day of November 2020.

_____/s/Ann Aiken_____

Ann Aiken
United States District Judge