IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:11-cr-30009-AA-3 |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| SERGIO SALDIVAR GUTIERREZ, | |
| Defendant. | |

AIKEN, District Judge:

Now before the Court is defendant Sergio Gutierrez's second Renewed Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Doc. 183. On July 29, 2020, and November 24, 2020, the Court denied Gutierrez's initial and first renewed motions, respectively, which asked the Court to reduce his sentence to time served. Docs. 177, 181, 182. Each denial was without prejudice and with leave to renew on an expedited basis if conditions changed. On January 15, 2021, Gutierrez filed this Motion, seeking a reduction in sentence to time served, or alternatively, to 149

months' imprisonment, based on changed circumstances. The Court held a hearing on the Motion on February 1, 2021, and reaffirmed the earlier denials for the following reasons. Doc. 189.

## STANDARDS

Section 3582(c)(1)(A) authorizes a court to reduce a defendant's sentence if the court finds: (1) that the motion is properly before the Court; (2) that "extraordinary and compelling reasons warrant such a reduction," "after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable[;]" and (3) that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §§ 3582(c)(1)(A), 3582(c)(1)(A)(i).

Compassionate release is "rare" and "extraordinary," and courts routinely deny such claims. *United States v. Mangarella*, No. 3:06-cr-151-FDW-DCK-3, 2020 WL 1291835, at *2–3 (W.D.N.C. Mar. 16, 2020) ("[A] compassionate release . . . is an extraordinary and rare event.") (citation omitted). A defendant bears the burden to show special circumstances meeting the high bar set by Congress and the Sentencing Commission for compassionate release. *See United States v. Greenhut*, No. 2:18-cr-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (holding that a defendant bears the burden of establishing entitlement to sentencing reduction and citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## DISCUSSION

In 2011, Gutierrez pleaded guilty to one count of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), and was sentenced to a

mandatory minimum 180-month term of imprisonment under the Armed Career Criminal Act. Gutierrez is incarcerated at USP Atwater and is scheduled for transfer to community corrections in October 2023. He asks the Court to reduce his sentence to time served or, in the alternative, for 149 months' imprisonment, which would put him within a year of his projected release date and enable the Bureau of Prisons to consider transferring him to community corrections under 18 U.S.C. § 3624(c).

Gutierrez asks the Court to reduce his sentence to time served because his age, body mass index, and underlying conditions including hypoglycemia, allergic rhinitis, and a history of asthma put him at increased risk of severe illness or death if he contracts COVID-19. During the COVID-19 pandemic, many courts have recognized that, when a defendant has a chronic medical condition that may substantially increase the defendant's risk of becoming seriously ill or dying from COVID-19, that condition may satisfy the standard of extraordinary and compelling reasons. *See United States v. Hanson*, No. 6:13-cr-00378-AA-1, 2020 WL 3605845, at *4 (D. Or. July 2, 2020) (collecting cases).

In July, Gutierrez's hypoglycemia, allergic rhinitis, and history of asthma appeared well-controlled. In November, Gutierrez reported that he had experienced significant delays in receiving medical care, including (1) a month-long lapse in his prescription for the glucose tablets used to control his hypoglycemia and (2) a failure to receive timely Selective Arterial Calcium and Pulmonary Function Tests needed to evaluate the causes of his hypoglycemia and the extent of his asthma, which Gutierrez had requested but not received follow up about. He also passed a kidney

stone in September without medical care, despite submitting a sick call request reporting a sharp pain in his right kidney. The Court determined that these changed circumstances did not present extraordinary and compelling reasons for a sentence reduction. Now, Gutierrez asserts that recent spikes in the number of COVID-19 infections among inmates at USP Atwater and lack of access to medical care present changed circumstances warranting a reduction in sentence under § 3582(c)(1)(A).

According to BOP, 324 inmates at USP Atwater have tested positive for COVID-19, 288 have recovered, and 923 have been tested over the course of the pandemic. *COVID-19 Coronavirus*, FED. BUREAU OF PRISONS, https://www.bop.gov/Coronavirus (last visited Feb. 1, 2021). Those numbers are up from the 26 total positive and 18 recovered that BOP reported at the end of November. *See* Opinion and Order, Nov. 25, 2020 (Doc. 182) at 5. Most of that increase was due to a mass spike in confirmed, active cases at the end of December, when the numbers increased from 9 active, confirmed cases on December 21 to 203 cases on December 28. Currently, BOP reports that there are 27 active, confirmed cases among inmates at USP Atwater and 5 among staff, with 13 inmate tests pending.

Gutierrez asserts that his medical vulnerabilities continue to be inadequately addressed during the harsh lockdown conditions imposed at USP Atwater. In his Motion, he reported that he had not been receiving the glucose tablets needed to control his hypoglycemia and had been unable to see medical staff regarding the fatigue and listlessness he had been feeling. Gutierrez's most recent BOP medical records indicate that he was last seen by health services on January 14, 2021. At

that visit, the doctor and Gutierrez discussed the results of a CT scan of Gutierrez's abdomen, which indicated that he was developing another stone in his right kidney, and a refill of glucose tabs. Regarding the kidney stone, the doctor advised Gutierrez to "drink plenty of water" and ordered a urinalysis to check for blood. The doctor also ordered two routine COVID-19 tests for Gutierrez, one that week and one the next week. These records demonstrate that Gutierrez is receiving medical care for his most concerning conditions and that those conditions remain fairly well-controlled. Though medical care has, at times, been delayed, the Court cannot find that Gutierrez's current circumstances pose such a risk to his health that they present extraordinary and compelling reasons for a sentence reduction, especially when considering the nature, circumstances, and seriousness of his underlying offense.

Accordingly, Gutierrez's second Renewed Motion to Reduce Sentence (doc. 183) is DENIED. Like the Court's earlier denials, this denial is without prejudice and with leave to renew on an expedited basis if Gutierrez's circumstances change.

IT IS SO ORDERED.

Dated this  1st  day of February 2021.

/s/Ann Aiken

Ann Aiken
United States District Judge